UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NORMAN LAURENCE, JR.                :
                                    :
            v.                      :      C.A. No. 13-129L
                                    :
ASHBEL T. WALL                      :


# REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge


Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(A)) is a Motion to Dismiss filed by Respondent Ashbel T. Wall (the "Respondent" or the "State") in response to a Petition for a Writ of Habeas Corpus filed by Norman Laurence, Jr. (the "Petitioner") pursuant to 28 U.S.C. § 2254.  For the reasons stated below, I recommend that the State's Motion to Dismiss (Document No. 5) be GRANTED.

**Facts**

After his convictions for first-degree murder, conspiracy to commit first-degree murder and breaking and entering were affirmed, see State v. Laurence, 848 A.2d 238, 249 (R.I. 2004), the Petitioner filed two applications for postconviction relief ("PCR") in Rhode Island Superior Court. As is pertinent here, the Petitioner's second PCR application alleged that: (1) the Petitioner "has been deprived access to his legal records;" (2) the actions of Russell Sollitto ("Sollitto"), who represented the Petitioner during pretrial proceedings in his criminal case, deprived the Petitioner of "the right to present psychiatric records to the court indicating [that] he was mentally ill before and after the murder;" and (3) the Petitioner "was 'mentally abused by high security guards [at the Adult Correctional Institutions ("ACI")] with electronic surveillance since 2003 who interfered with

[his] appeal and postconviction process.'" (Document No. 1-1, at 3-4 (Superior Court Dismissal of the Second PCR Application)).  The Petitioner also alleged that psychiatric records from 2001 to 2009 indicate that he was repeatedly diagnosed "delusional, paranoid, [and had] poor judgment" and, therefore, was "unable to articulate an argument" concerning Sollitto's ineffectiveness during the litigation of his first PCR application.  (Document No. 1-2, at 3).  As part of this second application, the Petitioner requested that the Court permit him to subpoena 350 documents of psychiatric records.  (Document No. 1-1, at 4).

The Petitioner's second PCR application was dismissed by the Superior Court, and the Petitioner filed a Notice of Appeal and a Motion to Proceed In Forma Pauperis.  (Document No. 1-1, at 6-7).  The Presiding Justice of the Superior Court informed the Petitioner by letter that his Motion to Proceed In Forma Pauperis had been denied based upon the Petitioner's "failure to sustain [his] burden of proving indigence."  Id. at 14.  The letter further informed the Petitioner that the denial of his Motion did "not affect [his] inherent right to appeal the denial of [his] Application for Post-conviction Relief."  Id. at 15.  However, it appears that the Petitioner took no further steps to pursue his appeal.

The Petitioner then filed the instant habeas petition under Section 2254, asserting four claims.  (Document No. 1).  First, he alleges that he is now in possession of newly discovered evidence, ACI psychiatric records that he obtained in December 2009, that indicate that he was not mentally competent during the proceedings on his first PCR application.  Id. at 5.  Second, the Petitioner argues that Cindy Soccio, the State's representative during the litigation of his first PCR application, told Kevin Dwyer, the Petitioner's court-appointed attorney for the PCR proceedings, not to press his claims regarding ineffective assistance of counsel on the part of John O'Connor and

Sollitto's concealment of psychiatric records from 1996-1997 that showed that the Petitioner was not mentally competent to stand trial.  Id. at 7, 16.  The Petitioner maintains that this conduct violated his due process rights.  Id. at 7.  Third, the Petitioner alleges that he is now in possession of newly discovered evidence of police and prosecutorial misconduct.  Id. at 8-9.  Specifically, the Petitioner contends that, on October 5, 2004, ACI guards, working in conjunction with the State Police and the Special Investigations Unit of the ACI, interrogated the Petitioner about the murder for which he stands convicted and other crimes while he underwent a colonoscopy procedure.  Id. Finally, the Petitioner claims that he was unable to effectively raise an argument about Sollitto's ineffectiveness during the proceedings on his first PCR application because "ACI guards abused [him] with electronic surveillance while [he] was doing post conviction work and...they caused [him] to be mentally incompetent."  Id. at 10.

The State has moved to dismiss this Petition, primarily arguing that it was time-barred under 28 U.S.C. § 2244(d)(1).  (Document No. 5, at 1, 5-8).  In response, the Petitioner argued that the one-year statute of limitations contained in Section 2244(d)(1) should be equitably tolled on account of his mental illness.  (Document No. 8).  To support this argument, the Petitioner moved to subpoena his psychiatric records from November 2009 to the present.  (Document No. 11).  This Court denied the Petitioner's Motion without prejudice and ordered the State to file a Supplemental Memorandum of law addressing the merits of the Petitioner's claims and any additional defenses that the State wished to raise.  (Document No. 13).

In its Supplemental Memorandum (Document No. 14), the State argues that all of the claims asserted in the instant Petition should be dismissed as unexhausted because the Petitioner failed to appeal the denial of his second PCR application to the Rhode Island Supreme Court.  Id. at 6-7.  In

his Supplemental Memorandum in opposition to the State's Motion to Dismiss (Document No. 15), the Petitioner does not address the merits of the State's exhaustion defense.

**Analysis**

Section 2254(b)(1) and (c) codifies the exhaustion requirement in habeas cases brought by state prisoners; that section provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This section mandates that a state prisoner "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A petitioner bears a "heavy burden" to demonstrate satisfaction of the exhaustion requirement. Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011); Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002); Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). Failure to shoulder this burden "is ordinarily fatal to the prosecution of a federal habeas case." Coningford, 640 F.3d at 482; see also Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003).

The exhaustion doctrine requires a habeas petitioner to "fairly present" his federal constitutional claim to the state courts, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see also Fortini v. Murphy, 257 F.3d 39, 44 (1st

Cir. 2001). The "substance" of the claim, Picard v. Connor, 404 U.S. 270, 278 (1971), i.e., in other words, "both the factual and legal underpinnings of [the] claim," Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989), must be presented. See Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam).

Failure to include a claim on appeal or in a petition for discretionary review to the State's highest court constitutes a failure to exhaust state remedies with respect to that claim. See Baldwin, 541 U.S. at 32; O'Sullivan, 526 U.S. at 845. A habeas petitioner's failure to appeal at all to the State's highest court constitutes procedural default of the claims that were not appealed where the time for filing an appeal in State Court has expired. See Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002); Townsend v. Comm'r, N.H. Dep't of Corr., No. 94-1270, 1994 WL 168523, at *1 (1st Cir. May 5, 1994) (unpub.) ("Petitioner's failure to appeal the denial of his state habeas petition to the New Hampshire Supreme Court constitutes a procedural default rather than a failure to exhaust state remedies. The time for appealing the denial has expired. Therefore, petitioner is procedurally barred from presenting his claims to the New Hampshire Supreme Court in order to meet the exhaustion requirement."). (internal citation omitted).

In this case, it is undisputed that the Petitioner did not appeal his denial of his second PCR application to the Rhode Island Supreme Court; while he did file a Notice of Appeal (Document No. 1-1, at 9-12), he failed to take any steps to perfect that appeal after the Presiding Justice of the Superior Court informed him that his Motion to Proceed In Forma Pauperis had been denied. (See id. at 14-15). Therefore, by failing to take the necessary steps to bring his appeal before the State's highest court, the Petitioner failed to exhaust his State remedies with respect to the claims asserted in this habeas petition. See Baldwin, 541 U.S. at 32; O'Sullivan, 526 U.S. at 845. Moreover, because more than twenty days have elapsed since the Motion to Proceed In Forma Pauperis was

denied by letter dated July 30, 2012, "it is clear that [the Rhode Island Supreme Court] would [hold] the claim procedurally barred" for failure to timely perfect an appeal. <u>Pike v. Guarino</u>, 492 F.3d 61, 73 (1st Cir. 2007); <u>see</u> Rule 5(b)(1) of the Rhode Island Supreme Court Rules of Appellate Procedure ("If the petition [to be relieved from the payment of the appeal filing fee] is denied, the full time for filing a notice of appeal as prescribed by Rule 4 shall, with respect to the petitioner, commence to run upon entry of the order of denial"); Rule 4(a) of the Rhode Island Supreme Court Rules of Appellate Procedure ("In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within twenty (20) days of the date of the entry of the judgment, order, or decree appealed from together with a filing fee of one hundred fifty dollars ($150)."). Therefore, the claims raised in this Petition are procedurally defaulted, unless the Petitioner can successfully invoke one of the exceptions to the procedural-default doctrine. <u>See</u> <u>Lattimore</u>, 311 F.3d at 55.

The exceedingly narrow miscarriage-of-justice exception to procedural default applies "only in extraordinary circumstances...in which a petitioner makes some showing of actual innocence." <u>Janosky v. St. Amand</u>, 594 F.3d 39, 46 (1st Cir. 2010). As the Petitioner has attempted no such showing in this case, this exception is clearly inapplicable.

In addition to the miscarriage-of-justice exception, "[t]he bar to federal review may be lifted...if 'the prisoner can demonstrate cause for the [procedural] default [in state court] and actual prejudice as a result of the alleged violation of federal law.'" <u>Maples v. Thomas</u>, 132 S. Ct. 912, 922 (2012) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)); <u>see also</u> <u>Costa v. Hall</u>, 673 F.3d 16, 23 (1st Cir. 2012). The Supreme Court has explained that "[c]ause for a procedural default exists where 'something <u>external</u> to the petitioner, something that cannot fairly be attributed to

-6-

him[,]...“impeded [his] efforts to comply with the State’s procedural rule.”’” Maples, 132 S. Ct. at

922 (quoting Coleman, 501 U.S. at 753) (emphasis in original); see also Costa, 673 F.3d at 25.

In this case, although the Petitioner’s Supplemental Memorandum is not responsive to the

State’s argument that his claims are procedurally defaulted, the Petitioner indicated in his initial

Memorandum that he “exhausted [his] claims as far as [he] was allowed.  [The petitioner] was

denied a review by the Supreme Court.”  (Document No. 8, at 1).  He also complains that “Justice

Gibney...denied [him] [in] forma pauperis [status] in [his] request to file an appeal.”  Id.  Construing

this pro se Memorandum liberally, see Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008), it appears

that the Petitioner is claiming that his professed indigence constitutes cause to excuse his failure to

perfect his appeal.

Assuming, arguendo, that indigence of a putative appellant constitutes sufficient cause for

a failure to timely and properly appeal, the Petitioner still failed to establish his indigence to the

Superior Court Presiding Justice.  The Motion to Proceed In Forma Pauperis was denied because,

“based upon the paperwork presented to the [c]ourt,” the Petitioner “fail[ed] to sustain [his] burden

of proving indigence.” ( Document No. 1-1, at 14).  In his filings in this Court, the Petitioner has

offered nothing to demonstrate that this conclusion was incorrect.  The Petitioner’s Motion was, at

least according to the materials submitted to this Court, unaccompanied by any affidavit, statement

or documentation of the Petitioner’s financial status; indeed, the Motion was a single paragraph in

length:

> I’m giving notice and requesting to be granted [in] forma pauperis
> [status] or waive the filing fees so that I can appeal Honorable Judge
> Stone’s denial of postconviction relief that took place on July 2,
> 2012.  I objected and requested the transcripts and said I wanted to
> appeal.  I was told by Hon Judge Stone to write the presiding
> justice[,] Alice Bridget Gibney[,] so I did.

Id. at 13.  Therefore, the determination of the State Courts that the Petitioner failed to prove his indigence must be upheld.  Moreover, the Petitioner was informed that the denial of his Motion did not affect his right to appeal.  (See Document No. 1-1, at 15).  Thus, even if indigence can constitute cause to excuse a failure to appeal, the Petitioner cannot excuse his procedural default by resting on unsubstantiated claims of indigence that were reasonably rejected by the State Court.

For these reasons, the Petitioner has failed to exhaust his State remedies with respect to the claims asserted in this Petition by failing to timely perfect his appeal of the denial of his second PCR application to the Rhode Island Supreme Court, and, because the time for bringing the appeal has long past, those claims have been procedurally defaulted.  Accordingly, the entire Petition must be dismissed with prejudice.[1]

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss this Petition for Writ of Habeas Corpus (Document No. 5) be GRANTED and that this Petition be DISMISSED in its entirety WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

---

[1] Because I conclude that the claims in this Petition are unexhausted and now are procedurally barred, I need not address the issue of whether the Petition is time-barred under Section 2244(d)(1) and, if so, whether there is any valid basis for equitable tolling.  Thus, the Petitioner's related Motion to Have Psychiatric Records Subpoenaed (Document No. 11) is DENIED as moot.

   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 4, 2013